UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAREN LAUGHLIN,

        Plaintiff,

    v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

        Defendant.

CASE NO. 2:22-CV-756-JCC-DWC

ORDER GRANTING MOTION TO CONTINUE

This case has been referred to the undersigned United States Magistrate Judge. Dkt. 8. Presently pending before the Court is Defendant Allstate Property and Casualty Insurance Company's Motion to Continue Trial Date and Pretrial Deadlines ("Motion to Continue"). Dkt. 17. After considering the relevant record, the Motion to Continue (Dkt. 17) is granted.

**I.**     **Background**

On October 3, 2022, the Court entered an Order Setting Trial Date and Pretrial Schedule. ("Order") setting trial in this case for July 17, 2023. Dkt. 14. On November 10, 2022, Allstate substituted counsel. Dkt. 16. Allstate filed the Motion to Continue, requesting a five-month

continuance for the trial date and pretrial deadlines. Dkt. 17. Plaintiff Karen Laughlin filed a Response on January 11, 2023, requesting the Court deny the Motion to Continue, Dkt. 20, and on January 13, 2023, Allstate filed its Reply. Dkt. 23. On January 19, 2023, Plaintiff filed a motion to compel and to extend pretrial discovery deadlines. Dkt. 24.[1]

## II.    Discussion

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the judge's consent. *See also* Local Civil Rule ("LCR") 16(b)(6); Fed.R.Civ.P. 6(b)(1)(A). Whether to grant or deny a continuance of trial is at the discretion of the Court. *Rios-Barrios v. I.N.S.*, 776 F.2d 859, 862–63 (9th Cir. 1985). When considering the propriety of a continuance, a court should consider four factors: (1) the diligence in preparing for trial of the party seeking a continuance; (2) the need for a continuance; (3) the inconvenience to the opposing party, the witnesses, and the Court; and (4) the hardship a denial of a continuance would cause the defendant. *United States v. 2.61 Acres of Land*, 791 F.2d 666, 670–71 (9th Cir. 1986).

Here, the record reflects Allstate's counsel has conflicts with the current trial date. Dkts. 17, 18. Further, the parties paused discovery for several months while awaiting a property inspection and while they actively negotiated settlement. Dkts. 17, 18. Plaintiff alleges it will be prejudiced by an extension of time and Allstate is delaying this case. Dkt. 20. The Court finds no evidence Defendant is acting in bad faith in seeking the extension. Further, Plaintiff has filed a motion to compel, wherein she seeks an extension of discovery deadlines. Dkt. 24. While Plaintiff does not request extensions of other deadlines, the Court finds extensions of the discovery deadline would likely impact other pretrial deadlines and could impact the trial date.

---

[1] The motion to compel is not ready for the Court's consideration until February 3, 2023.

For the above stated reasons, the Court finds there is good cause to modify the Order in this case.

### III.     Conclusion

In conclusion, the Motion to Continue (Dkt. 17) is granted. The Court will enter a separate amended scheduling order setting the trial in December 2023.

Dated this 20th day of January, 2023.

David W. Christel
United States Magistrate Judge