UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KAREN LAUGHLIN,<br><br>               Plaintiff,<br><br>    v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. 2:22-CV-756-JCC-DWC<br><br>ORDER DENYING MOTION TO COMPEL |

On January 19, 2023, Plaintiff Karen Laughlin filed a Motion to Compel and Extend Certain Pretrial Deadlines and Request for Fees and Costs, requesting the Court compel Defendant Allstate Property and Casualty Insurance Company to respond to discovery requests. Dkt. 24. After reviewing the relevant record, the Court finds the parties are not at an impasse. Accordingly, the Motion (Dkt. 24) is denied without prejudice.[1]

---

[1] Plaintiff argues Allstate's response to the Motion was untimely. Dkt. 32. The day after the Motion was filed, the Clerk's Office reset the noting date to February 10, 2023. It is unclear why, but, on January 31, 2023, the Clerk's Office reset the original noting date of February 3, 2023. *See* Dkt. 23 (docket text indication resetting original noting date on 1/31/2023). Allstate filed its response the date the noting date was reset, therefore, the Court finds Allstate's response is timely filed.

ORDER DENYING MOTION TO COMPEL - 1

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to her discovery requests are incomplete, or contain unfounded objections, she may move the court for an order compelling disclosure. Fed. R. Civ. P. 37. The movant must show she conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*; *see also* Local Civil Rule ("LCR") 37.

At this time, the evidence shows the parties are still engaged in the discovery process, therefore, the parties have failed to show they have conferred in good faith and reached an impasse before seeking Court intervention. Plaintiff filed the Motion on January 19, 2023. Dkt. 24. Plaintiff's counsel, Kathryn Knudsen, submitted a declaration stating that Allstate was going to provide additional information regarding discovery disputes by January 20, 2023. Dkt. 25, Knudsen Dec., ¶ 2. Ms. Knudsen stated that "[g]iven the current case scheduling Order, plaintiff could no longer delay in filing this motion." *Id*. Allstate's counsel, Bryan Case, filed a declaration stating that, on January 17, 2023, he informed Plaintiff's counsel that his contact at Allstate was out of the office and he would contact Plaintiff's counsel later in the week with Allstate's position on the discovery disputes. Dkt. 31, Case Dec., ¶ 2. On January 20, 2023, Mr. Case emailed Plaintiff's counsel with Allstate's position on various discovery disputes and agreeing to supplement some discovery responses. *Id*. at ¶ 3.

The record shows Allstate was continuing to produce documents after the Motion was filed. Moreover, Plaintiff did not allow Allstate an opportunity to respond to the discovery

ORDER DENYING MOTION TO COMPEL - 2

disputes prior to filing the Motion. As such, the parties have not reached an impasse regarding discovery disputes and the Motion is premature.

Plaintiff's argument that she was required to file the Motion prior to receiving a response from Allstate because of the Scheduling Order is unpersuasive. Plaintiff has not sufficiently explained why she could not have waited an additional day to file the Motion. The deadline to file discovery related motions did not expire until March 1, 2023.[2] *See* Dkt. 14. Moreover, in the Motion, Plaintiff seeks an extension of time. Plaintiff's request for an extension indicates she needed additional time to complete discovery regardless of when Allstate responded and belies her statements that she could not wait to file the Motion. For these reasons, Plaintiff's explanation that she was required to file the Motion based on the case Scheduling Order is insufficient to justify filing the Motion prior to reaching an impasse.

Because there was no impasse, Plaintiff's request for a Court order compelling discovery responses is denied without prejudice. *See Advanced Hair Restoration, LLC v. Hair Restoration Centers, LLC*, 2018 WL 828213, at *2 (W.D. Wash. Feb. 12, 2018) (denying motion to compel where "[t]here is no evidence that the parties reached an impasse in their discussions" and defendant was "attempting in good faith to resolve the discovery dispute outside of Court by producing the requested records"); *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014) (denying motion to compel when there is no suggestion that the parties reached impasse before the plaintiff filed his motion).

Plaintiff's request for an extension of certain pretrial deadlines is denied because the Court has reset the trial date and pretrial deadlines. Dkt. 27. Additionally, as the Court finds the

---

[2] The day after Plaintiff filed the Motion, the Court extended the pretrial dates and reset the trial date. Dkt. 27. At this time, the parties have until July 13, 2023 to file discovery related motions and until July 31, 2023 to complete discovery.

parties have not satisfied the meet and confer requirements, Plaintiff's request for fees and costs is denied.

For the above reasons, Plaintiff's Motion (Dkt. 24) is denied without prejudice. The parties should only seek Court intervention if the parties reach an impasse on a substantive issue. *See Beasley*, 2014 WL 1268709 at *3; *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute"). The Court recommends any future motion to compel be filed as a joint submission in accordance with Local Civil Rule 37 to expedite a decision.

Dated this 3rd day of March, 2023.

*[signature]*

David W. Christel
Chief United States Magistrate Judge